# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| DEREX BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-CV-1326 MTS |
| | ) |
| DEPARTMENT OF VETERANS AFFAIRS, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on review of plaintiff's motion for leave to commence this employment discrimination action without payment of the required filing fee, Doc. [2]. Having reviewed the application and financial information provided, the Court has determined to grant the motion. See 28 U.S.C. § 1915. Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

### **Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented plaintiff's complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff initiated this action on November 9, 2021 by filing an employment discrimination complaint against defendant Department of Veterans Affairs. Doc. [1]. The complaint is on a Court-provided form. Plaintiff did not specify the basis of his lawsuit. He did, however, check the boxes indicating his intention to bring claims of discrimination based on race and disability. The Court can therefore presume that plaintiff filed his instant complaint pursuant to Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination on the basis of race, and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, for discrimination on the basis of a disability.

Plaintiff avers that he filed a charge of discrimination with the Equal Opportunity Commission ("EEOC"), but he did not attach the charge to his complaint. Plaintiff did file one page of his Notice of Right-to-Sue Letter, which does not contain the date it was issued, and the first five pages of defendant's 'Final Agency Decision.' Doc. [4].

Within the section of the form complaint provided for plaintiff to state the facts of his claim, plaintiff alleges his supervisor, who is "known for targeting African Americans," defamed his character. Plaintiff also alleges he was "hit in the throat" by another supervisor and forced to work in a hostile environment. Although not directly stated, plaintiff appears to be an African American individual. His disability is post-traumatic stress syndrome which he acquired from his military service.

For relief, plaintiff seeks reinstatement of his job with defendant, unspecified monetary compensation, and "to buy back all military time."

**Discussion**

The amended complaint is subject to dismissal because plaintiff has not attached the proper EEOC documents to his complaint, did not specify the federal statute(s) which forms the basis of his lawsuit, and failed to submit a clear statement of the claim describing how he suffered employment discrimination on the basis of his race or disability. In consideration of plaintiff's self-represented status, the Court will give him the opportunity to file an amended complaint.

If it is plaintiff's intent to bring the instant action under Title VII and the ADA, "a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter." *Stuart*

3

*v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). *See also* 42 U.S.C. § 12117(a) (incorporating by reference 42 U.S.C. § 2000e–5(e)(1) outlining requirements for charge). Title VII and ADA plaintiffs are required to exhaust their administrative remedies with the EEOC, or the comparative state agency, before bringing a formal action. *Tyler v. Univ. of Ark. Bd. of Trs.*, 628 F.3d 980, 989 (8th Cir. 2011); *Harris v. P.A.M. Transp., Inc.*, 339 F.3d 635, 638 (8th Cir. 2003) (failure to exhaust administrative remedies requires dismissal of ADA action, precluding plaintiff from obtaining review of his ADA claim); *Malone v. Ameren UE,* No. 4:09-CV-53, 2010 WL 750075 (E.D. Mo. Mar. 2, 2010) (dismissing for failure to exhaust administrative remedies with respect to his claims of gender and disability discrimination). "Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (citing *Patterson v. McLean Credit Union*, 491 U.S. 164, 180-81, (1989)).

To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue. 42 U.S.C. § 2000e–5(b), (c), (e). Thus, the Court will provide plaintiff with the opportunity to provide the Court with complete copies of his charge of discrimination and his right-to-sue letter to ensure plaintiff has properly exhausted his administrative remedies and timely filed the instant employment discrimination complaint. Plaintiff shall not file partial documents as it is imperative for the Court to review the dates such documents were issued.

Plaintiff's charge of discrimination and right-to-sue letter must be attached to an amended complaint on a Court form, which will be provided to him. The amended complaint will replace the original complaint. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

If plaintiff wishes to assert claims under Title VII or the ADA, he must clearly state his race and disability, and then carefully describe the adverse employment action he believes was taken *and* why it amounted to race and disability discrimination. It is not enough to simply check boxes indicating employment discrimination on the basis of race or disability. To establish a prima facie case of Title VII discrimination, a plaintiff must show: (1) he is a member of a protected class; (2) was meeting her employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of his protected class. *Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted). In order to establish a prima facie case under the ADA, a plaintiff must demonstrate "(1) he is a disabled person as defined by the ADA, (2) he is qualified to perform the essential functions of his job with or without reasonable accommodation, and (3) he suffered an adverse employment action because of his disability." *Higgins v. Union Pac. R.R. Co.*, 931 F.3d 664, 669 (8th Cir. 2019) (citation omitted). The claims he asserts in his amended complaint *must* be like or reasonably related to the claims outlined in his charge, or they will be

5

subject to dismissal for failure to exhaust administrative remedies. *See Duncan v. Delta Consolidated Indus., Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004).

The Clerk of Court will be directed to provide plaintiff with an employment discrimination complaint form. Plaintiff will be given thirty days to file an amended complaint along with the required documents. Upon receipt of the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e).

### Motion for Appointment of Counsel

Plaintiff has also filed a motion to appoint counsel. Doc. [3]. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will therefore deny the motion

without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Although plaintiff's motion for appointment of counsel is denied at this time, the Federal Legal Advice Clinic may be able to provide him with assistance in this matter. Appointments can be made for a free virtual 30-minute consultation online at www.bamsl.org/federalcourt or by phone at 855-978-7070. Effective October 7, 2020, all meetings will be scheduled by Zoom platform. This clinic is not affiliated or related to the United States District Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Memorandum and Order, a Court form Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth above, **no later than thirty (30) days** from the date of this Memorandum and Order. Plaintiff must attach **complete copies** of his EEOC right-to-sue letter and charge of discrimination with his amended complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel, Doc. [3], is **DENIED** at this time.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

Dated this 23rd day of November, 2021.

                                        MATTHEW T. SCHELP
                                        UNITED STATES DISTRICT JUDGE