**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DEREX BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21 CV 1326 MTS |
| ) | |
| DEPARTMENT OF VETERANS AFFAIRS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon self-represented plaintiff Derex Brooks's submission of five supplements to his complaint. Docs. [6, 8, 9, 10, 11]. For the reasons discussed below, the Court will strike the supplements from the record and provide plaintiff an additional twenty-one (21) days to file an amended complaint on a Court provided form.

**Background**

Plaintiff initiated this action on November 9, 2021 by filing an employment discrimination complaint on a Court-provided form against the Department of Veterans Affairs. Doc. [1]. Although Plaintiff did not specify the basis of his lawsuit, he did check the boxes indicating his intention to bring claims of discrimination based on race and disability. Plaintiff asserted he filed a charge of discrimination with the Equal Opportunity Commission ("EEOC"), but did not attach a copy to his complaint. Plaintiff did attach one page of his Notice of Right-to-Sue Letter, but it did not include the date it was issued.

Within the section of the form complaint provided for plaintiff to state the facts of his claim, he alleged his supervisor, who is "known for targeting African Americans," defamed his character. Plaintiff also alleged he was "hit in the throat" by another supervisor and forced to work

in a hostile environment. Although not directly stated, plaintiff appears to be an African American individual. His alleged disability is post-traumatic stress syndrome from military service.

On November 23, 2021, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and determined it was subject to dismissal because plaintiff did not attach the proper EEOC documents to his complaint, did not specify the federal statute(s) which formed the basis of his lawsuit, and failed to submit a clear statement of the claim describing how he suffered employment discrimination on the basis of his race or disability.

The Court directed plaintiff to file an amended complaint to cure his pleading deficiencies, provided him with instructions on how to amend, and sent him a blank employment discrimination complaint form. Within its instructions, the Court explained that if plaintiff wished to assert claims under Title VII of the Civil Rights Act or the Americans with Disabilities Act, he must clearly state his race and disability, and then carefully describe the adverse employment action he believes was taken *and* why it amounted to race and disability discrimination. Plaintiff was further instructed he must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and submit an amended complaint containing a short and plain statement of the claim in separately numbered paragraphs.

Plaintiff was given thirty days to file an amended complaint along with complete copies of his EEOC right-to-sue letter and change of discrimination.

### Supplements

On November 29, 2021, the Court received a "Memorandum for Clerk" in which plaintiff asserted additional facts related to the alleged employment discrimination along with six pages of employment-related documents from the Department of Veterans Affairs. Doc. [6]. Plaintiff also

attempted to submit an additional document, but the Clerk of Court returned it to him as it contained non-redacted personal identifiers. Doc. [7].

On December 9, 2021, the Court received three additional Memorandums for Clerk, in which plaintiff continued to assert facts related to the alleged discrimination along with various other documents, including a doctor's note, handwritten letters, and employment-related paperwork from the Department of Veterans Affairs. Docs. [8-11].

Plaintiff's amended employment discrimination complaint was due on December 24, 2021. To date, plaintiff has not filed an amended complaint on a Court-provided form as directed in this Court's November 23, 2021 Memorandum and Order.

## Discussion

Supplements are not recognized pleadings under Rule 7(a) of the Federal Rules of Civil Procedure and the Court will therefore strike the aforementioned supplemental documents from the record. The Court does not accept amendments to the complaint through supplements, declarations, notices or other piecemeal amendments. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008). In other words, plaintiff may not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief. The Court recognizes that plaintiff is representing himself in these proceedings, but even pro se plaintiffs are expected to follow the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).

In consideration of plaintiff's self-represented status, however, the Court will provide him with a second opportunity to amend his complaint in compliance with the instructions herein and those outlined in the Court's November 23, 2021 Memorandum and Order. Plaintiff is advised that the claims he brings before this Court must be like or reasonably related to the claims outlined in

3

his administrative charge or they will be subject to dismissal for failure to exhaust administrative remedies. *See, e.g., Duncan v. Delta Consolidated Indus., Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004).

The amended complaint will replace the original complaint. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Plaintiff must submit the amended complaint on a Court-provided form.** Plaintiff must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. For example: "Count I: Racial Discrimination, against defendant [name]." Each count shall then set forth in **separate, numbered paragraphs the relevant facts supporting the claim and the relief** (for example, money damages or equitable relief) **that plaintiff seeks for the claim**. Plaintiff shall follow the same format with respect to each claim. Plaintiff shall not include any introductory paragraphs or facts not related to the specific claim against the defendant. In stating the facts of his claim, he must describe the conduct he alleges is discriminatory. In other words, plaintiff must describe the adverse employment action(s) he believes was taken and why it amounted to discrimination.

**Because an amended complaint entirely replaces the original complaint, he must also attach copies of his administrative charge and EEOC right-to-sue letter. No other documents should be attached to the amended complaint.** Failure to comply with the Court's instructions or the Federal Rules of Civil Procedure may result in the dismissal of this action. *See Micklus v. Greer*, 705 F.2d 314, 317 n. 3 (8th Cir. 1983) (if a plaintiff persistently fails to comply with Rule 8(a), a district court is justified in dismissing an action with prejudice).

The Clerk of Court will be directed to provide plaintiff with an employment discrimination complaint form. Plaintiff will be given twenty-one days to file an amended complaint along with the specifically required documents. Upon receipt of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e). Plaintiff is warned that his failure to timely comply will result in the dismissal of this action without prejudice and without further notice. *See Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's supplements to his original complaint, Docs. [6, 8, 9, 10, 11], are **STRICKEN** from the record. The Clerk of Court shall return the original documents to plaintiff.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint no later than **twenty-one (21) days** from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Memorandum and Order, a Court form Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above and those instructions set forth in the November 23, 2021 Memorandum and Order relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

Dated this 30th day of December, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE