**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DEREX BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21 CV 1326 MTS |
| ) | |
| ROBERT L. WILKIE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon the amended employment discrimination complaint filed by self-represented plaintiff Derex Brooks. Doc. [13]. For the reasons discussed below, the Court will provide plaintiff with one final opportunity to file an amended complaint in compliance with the Court's instructions.

**Background**

Plaintiff initiated this action on November 9, 2021, by filing an employment discrimination complaint on a Court-provided form against his former employer, the Department of Veterans Affairs. Doc. [1]. Plaintiff did not specify the basis of his lawsuit, but did check the boxes indicating his intention to bring claims of discrimination based on race and disability. Plaintiff asserted that he filed a charge of discrimination with the Equal Opportunity Commission ("EEOC"), but did not attach a copy to his complaint. Plaintiff did attach one page of his Notice of Right-to-Sue Letter, but it did not include the page reflecting the date it was issued.

Within the section of the form complaint provided to state the facts of the claim, plaintiff alleged his supervisor, who was "known for targeting African Americans," defamed his character. Plaintiff also alleged he was "hit in the throat" by another supervisor and forced to work in a hostile

environment. Plaintiff did not explicitly state his race, but did identify his disability as post-traumatic stress syndrome.

On November 23, 2021, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and determined it was subject to dismissal because he did not attach the proper EEOC documents to his complaint, did not specify the federal statute(s) which formed the basis of his lawsuit, and failed to submit a clear statement of the claim describing how he suffered employment discrimination on the basis of his race and/or disability. The Court directed him to file an amended complaint to cure his pleading deficiencies, provided him with instructions on how to amend, and sent him a blank employment discrimination complaint form. Within its instructions, the Court explained that if he wished to assert claims under Title VII of the Civil Rights Act or the Americans with Disabilities Act, he must clearly state his race and disability, carefully describe the adverse employment action he believes was taken, and state why it amounted to race and disability discrimination. Plaintiff was further instructed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and submit an amended complaint containing a short and plain statement of the claim in separately numbered paragraphs. Plaintiff was given thirty days, or no later than December 24, 2021, to file an amended complaint along with complete copies of his EEOC Right-to-Sue letter and charge of discrimination.

On November 29, 2021, plaintiff filed a Memorandum for Clerk in which he asserted additional facts related to the alleged discrimination along with six pages of employment-related documents from the Department of Veterans Affairs. Doc. [6]. Plaintiff also attempted to submit an additional document, but the Clerk of Court returned it to him as it contained non-redacted personal identifiers. Doc. [7]. On December 9, 2021, plaintiff filed three additional Memorandums for Clerk, in which he continued to assert facts related to the alleged discrimination along with

various other documents, including a doctor's note, handwritten letters, and employment-related paperwork from the Department of Veterans Affairs. Docs. [8-11]. Plaintiff did not file an amended complaint as directed by the Court's Order of November 23, 2021.

On December 30, 2021, the Court reviewed the supplements submitted by plaintiff and determined that such filings were not recognized pleadings under Rule 7(a) of the Federal Rules of Civil Procedure. Doc. [12]. The Court struck the aforementioned supplemental documents from the record and provided him with additional time to submit a proper amended complaint. Plaintiff was directed to file a single, comprehensive pleading that sets forth his claims for relief, and to attach complete copies of his administrative charge and EEOC Right-to-Sue letter.

## Discussion

On January 7, 2022, plaintiff submitted the instant amended complaint on a Court-provided form pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.* ("ADA") for race and disability employment discrimination. Doc. [13]. In the caption section of the form complaint, plaintiff identifies the defendant as Robert L. Wilkie, the "Department of Veterans Affairs Secretary of Affairs." Plaintiff describes the discriminatory conduct as termination of his employment, failure to accommodate his disability, and retaliation. *Id.* at 4.

Within the statement of claim section of the form complaint, plaintiff alleges management failed to accommodate his disability "due to the Oct 19 incident and assault" by his supervisor, Ted Walker. *Id.* at 5. In stating this claim, plaintiff generally refers to "Exhibit A of report of police report and witness signed statements." *Id.* Plaintiff further alleges his employment was unlawfully terminated "due to hearsay" from his supervisor, Michael Bock, who accused plaintiff of calling

3

him a "derogatory word." *Id.* at 6. Plaintiff claims Bock was retaliating against him because he reported Bock to the union for "harassment of African Americans." *Id.* In starting this claim, plaintiff generally refers to "Exhibit B." *Id.* Lastly, plaintiff alleges management breached his "Last Chance Agreement." *Id.*

Attached to the complaint are twenty-three (23) pages of documents, which are the same or substantially similar to the supplements he filed on November 29, 2021 and December 9, 2021, which were stricken from the record. Plaintiff again failed to file a copy of his EEOC charge of discrimination and only filed one page of his Notice of Right-to-Sue Letter which did not include the date it was issued. *See* Doc. [13-1] at 21. In the Court's December 30, 2021 Memorandum and Order, plaintiff was clearly instructed to "attach copies of his administrative charge and EEOC right-to-sue letter" and further directed that "[n]o other documents should be attached to the amended complaint." Doc. [12] at 5.

Plaintiff's amended complaint is subject to dismissal because he has not submitted the appropriate administrative documents for this Court to review. As previously explained in this Court's November 23, 2021 Order:

> If it is plaintiff's intent to bring the instant action under Title VII and the ADA, "a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter." Title VII and ADA plaintiffs are required to exhaust their administrative remedies with the EEOC, or the comparative state agency, before bringing a formal action. "Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts."

Doc. [5] (internal citations omitted). Therefore, this action cannot proceed without plaintiff's submission of the EEOC's charge of discrimination and right-to-sue letter. "The charge of discrimination is required so that the Court may ascertain whether plaintiff's claims in his complaint are like or reasonably related to the claims outlined in his charge. *Duncan v. Delta*

4

*Consolidated Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004). A copy of the right-to-sue letter is required to ensure that plaintiff has timely filed the instant action. Plaintiff must submit both documents in their entirety. Plaintiff may not pick and choose which pages he wishes to file.

Moreover, it is inappropriate for plaintiff to refer to attachments or exhibits in lieu of presenting a clear and concise statement of the claim. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." Rule 10(b) requires that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Plaintiff was explicitly directed to comply with Rules 8 and 10 in filing his amended complaint. Plaintiff's non-compliance with Rules 8 and 10 also makes it challenging for this Court to review his amended complaint pursuant U.S.C. § 1915(e)(2) for the purpose of determining whether he has sufficiently alleged employment discrimination under Title VII and the ADA. The Court recognizes plaintiff is representing himself in these proceedings, but even pro se plaintiffs are expected to follow the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).

In addition to following the pleading requirements of the Federal Rules of Civil Procedure, plaintiff must clearly state his race and disability, and then carefully describe the adverse employment action he believes was taken *and* why it amounted to race and disability discrimination. It is not enough to simply check boxes indicating employment discrimination on the basis of race or disability. To establish a prima facie case of Title VII discrimination, a plaintiff must show (1) he is a member of a protected class; (2) was meeting her employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of his protected class. *Jackman v. Fifth*

*Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted). To establish a prima facie case under the ADA, a plaintiff must demonstrate "(1) he is a disabled person as defined by the ADA, (2) he is qualified to perform the essential functions of his job with or without reasonable accommodation, and (3) he suffered an adverse employment action because of his disability." *Higgins v. Union Pac. R.R. Co.*, 931 F.3d 664, 669 (8th Cir. 2019) (citation omitted).

In consideration of plaintiff's self-represented status, the Court will provide him with one final opportunity to amend his complaint in compliance with the instructions herein and those outlined in the Court's November 23, 2021 and December 30, 2021 Memorandum and Orders.

### Instructions on Submitting a Second Amended Complaint

Plaintiff is advised that the claims he brings before this Court must be like or reasonably related to the claims outlined in his administrative charge or they will be subject to dismissal for failure to exhaust administrative remedies. *See, e.g., Duncan v. Delta Consolidated Indus., Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004).

The amended complaint will replace the original complaint. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a Court-provided form. Plaintiff must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. For example: "Count I: Racial Discrimination, against defendant [name]." Each count shall then set forth in separate, numbered paragraphs the relevant facts supporting the claim and the relief (for example, money damages or equitable relief) that plaintiff seeks for the claim. Plaintiff shall follow the same format with respect to each claim. Plaintiff shall not include any introductory paragraphs or facts not related to the specific claim against the defendant. In stating the facts of his claim, he must describe the conduct he alleges is discriminatory. In other words, plaintiff must describe the adverse employment action(s) he believes was taken and why it amounted to discrimination.

**Plaintiff must also attach complete copies of his administrative charge of discrination and EEOC Right-to-Sue letter. No other documents should be attached to the amended complaint.** Failure to comply with the Court's instructions or the Federal Rules of Civil Procedure may result in the dismissal of this action. *See Micklus v. Greer*, 705 F.2d 314, 317 n. 3 (8th Cir. 1983) (if a plaintiff persistently fails to comply with Rule 8(a), a district court is justified in dismissing an action with prejudice).

The Clerk of Court will be directed to provide plaintiff with an employment discrimination complaint form. Plaintiff will be given twenty-one days to file an amended complaint along with the specifically required documents. Upon receipt of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e). Plaintiff is warned that his failure to timely comply will result in the dismissal of this action without prejudice and without further notice. *See Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-

represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file an amended complaint no later than **twenty-one (21) days** from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Memorandum and Order, a Court form Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above and those instructions set forth in the November 23, 2021 and December 30, 2021 Memorandum and Orders relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

Dated this 15th day of March, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE