UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEREX BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-CV-1326 MTS |
| | ) |
| ROBERT L. WILKIE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon self-represented plaintiff Derex Brooks' filing of a second and third amended complaint. Docs. [16], [17]. Plaintiff has also filed a second motion for appointment of counsel. Doc. [15]. For the reasons discussed below, the Court will provide plaintiff with fourteen (14) days to submit one single, comprehensive pleading on a signed Court-provided form that sets forth his claims for relief. Additionally, plaintiff's motion for appointment of counsel will be denied at this time.

### Background

Plaintiff initiated this action on November 9, 2021, by filing an employment discrimination complaint on a Court-provided form against his former employer, the Department of Veterans Affairs. Doc. [1]. On November 23, 2021, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 and determined it was subject to dismissal because he did not attach the proper Equal Opportunity Commission ("EEOC") documents to his complaint, did not specify the federal statute(s) which formed the basis of his lawsuit, and failed to submit a clear statement of the claim describing how he suffered employment discrimination on the basis of his race and/or disability. Doc. [5]. The Court directed him to file an amended complaint to cure his pleading deficiencies.

On November 29, 2021 and December 9, 2021, plaintiff filed various Memorandums for the Clerk in which he submitted additional facts and exhibits related to the alleged discrimination. Docs.

[6] – [11]. On December 30, 2021, the Court reviewed the supplements and determined that such filings were not recognized pleadings under Rule 7(a) of the Federal Rules of Civil Procedure. Doc. [12]. The Court struck the supplemental documents from the record, and provided plaintiff with additional time to submit a proper amended complaint. Plaintiff was explicitly directed to file a single, comprehensive pleading that set forth his claims for relief, and to attach complete copies of his administrative charge and EEOC Right-to-Sue letter. *Id.*

On January 7, 2022, plaintiff submitted an amended complaint on a Court-provided form pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq*. ("ADA") for race and disability employment discrimination. Doc. [13]. Within his statement of claim, plaintiff primarily relied on references to two exhibits he attached to his amended complaint. Plaintiff did not file a copy of his EEOC charge of discrimination and only submitted one page of his Notice of Right-to-Sue Letter which did not include the date it was issued.

On March 15, 2022, the Court reviewed the amended complaint and determined it was subject to dismissal because he did not submit the appropriate administrative documents and because he failed to properly state a claim for discrimination. The Court explained:

> [I]t is inappropriate for plaintiff to refer to attachments or exhibits in lieu of presenting a clear and concise statement of the claim. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." Rule 10(b) requires that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Plaintiff was explicitly directed to comply with Rules 8 and 10 in filing his amended complaint. Plaintiff's non-compliance with Rules 8 and 10 also makes it challenging for this Court to review his amended complaint pursuant U.S.C. § 1915(e)(2) for the purpose of determining whether he has sufficiently alleged employment discrimination under Title VII and the ADA. The Court recognizes plaintiff is representing himself in these proceedings, but even pro se plaintiffs are expected to follow the Federal Rules of Civil Procedure.

*Id*. at 5-6 (internal citations omitted). The Court further explained that in order to properly plead an employment discrimination claim, Plaintiff must carefully describe the adverse employment action he believes was taken and why it amounted to race and disability discrimination. *Id.* Plaintiff was given an additional opportunity to amend his complaint.

## Discussion

On April 5, 2022, plaintiff filed a signed and dated second amended complaint. Doc. [16]. He checked the boxes indicating he is bringing his claims pursuant to Title VII and the ADA for race and color discrimination. *Id.* at 1-2, 5. The following day, on April 6, 2022, plaintiff filed an unsigned and undated third amended complaint.[1] Doc. [17]. He checked the boxes indicating he is bringing his claims pursuant to Title VII and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq.*, for race, color, and disability discrimination. *Id.* at 1-2, 5. The Court notes that not only do both amended complaints specify different federal statutes upon which this lawsuit is based, plaintiff alleges retaliation in the April 5th complaint, but not in the April 6th version. Additionally, the second amended complaint includes exhibits, while the subsequent filing does not.

An amended complaint supersedes previously filed pleadings. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Although the Court provided plaintiff the opportunity to amend his pleadings to cure the deficiencies, it is unclear whether plaintiff intended the April 5th or the April 6th version to be the operative complaint in this action. Both filings are substantively different in that they are not based on the same federal statutes and allege different grounds for discrimination.

---

[1] Although plaintiff appears to have applied his signature to the corner of every page of the third amended complaint, he failed to sign and date the required signature page. *See* Doc. [17] at 8. Plaintiff's signature is required pursuant to Federal Rule of Civil Procedure 11 and the Eastern District of Missouri's Local Rule 2.01(A)(1).

3

In deference to the plaintiff's self-represented status, plaintiff will be granted one final opportunity to file an amended complaint that includes all the claims plaintiff wishes to bring. **The complaint must be on a Court-provided 'Employment Discrimination Complaint' form and it must be signed and dated on the designated signature page** (page 8 of the Court-provided form).

Plaintiff indicates in his third amended complaint that he received his Notice of Right-to-Sue-Letter on "Jan of 2021." *See* Doc. [17] at 3. **Plaintiff must attach complete copies of the January 2021 Notice of Right-to-Sue-Letter *and* his Charge of Discrimination**. No other documents should be attached. Plaintiff is advised that the claims he brings before this Court must be like or reasonably related to the claims outlined in his administrative charge or they will be subject to dismissal for failure to exhaust administrative remedies. *See, e.g., Duncan v. Delta Consolidated Indus., Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004); *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000) ("In order to initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter.").

Plaintiff must not amend or supplement the previously filed complaints by filing separate documents containing changes he wants made to certain parts. Instead, **plaintiff must file a single comprehensive fourth amended complaint that indicates the specific federal statute(s) his claims are based, and a clear statement of the claim describing how he suffered employment discrimination.** *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008).

In writing his statement of the claim, plaintiff must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply

4

give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. For example: "Count I: Racial Discrimination." Each count shall then set forth in separate, numbered paragraphs the relevant facts supporting the claim. Plaintiff shall follow the same format with respect to each claim. **In stating the facts of his claim, he must describe the conduct he alleges is discriminatory. In other words, plaintiff must carefully describe the adverse employment action(s) he believes was taken and why it amounted to discrimination**.

Plaintiff's self-represented status does not excuse him from his obligations to comply with this Court's Local Rules and directives. *See Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Bunch v. Univ. of Ark. Bd. of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017) (party's "status as a pro se litigant [does] not excuse [him] from following the local rules."). Failure to comply with the Court's instructions or the Federal Rules of Civil Procedure may result in the dismissal of this action. *See Micklus v. Greer*, 705 F.2d 314, 317 n. 3 (8th Cir. 1983) (if a plaintiff persistently fails to comply with Rule 8(a), a district court is justified in dismissing an action with prejudice).

Upon the filing of the fourth amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

**Second Motion for Appointment of Counsel**

Plaintiff has also filed a second motion to appoint counsel. Doc. [5]. The Court will deny the motion at this time, without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A

district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will therefore deny the motion without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Memorandum and Order, an 'Employment Discrimination Complaint' form.

**IT IS FURTHER ORDERED** that plaintiff shall file a fourth amended complaint no later than **twenty-one (21) days** from the date of this Memorandum and Order. Plaintiff must attach complete copies of his January 2021 Notice of Right-to-Sue-Letter and Charge of Discrimination. No other attachments are to be included.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 25th day of April, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE