**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DEREX BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-01326-MTS |
| ) | |
| DEPARTMENT OF ) | |
| VETERANS AFFAIRS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Appoint Counsel, Doc. [37].

For the following reasons, the Motion is denied.

"There is no constitutional or statutory right to appointed counsel in civil cases."

*Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (internal citation omitted).

Rather, a district court may appoint counsel in a civil case if the court is "convinced that an

indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation

is such that plaintiff as well as the court will benefit from the assistance of counsel."

*Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).   When determining whether to

appoint counsel for an indigent litigant, a court considers relevant factors such as the

complexity of the case, the ability of the *pro se* litigant to investigate the facts, the existence

of conflicting testimony, and the ability of the *pro se* litigant to present his or her claim.

*Phillips*, 437 F.3d at 794.

After considering these factors, the Court finds that the appointment of counsel is not

warranted at this time.  The Court will entertain a future motion for appointment of counsel

as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [37], is **DENIED** at this time.  The Clerk of Court is directed to mail a copy of this Order to Plaintiff at 2549 Center Street, Granite City, IL 62040, which was provided to the Court by defense counsel as Plaintiff's new mailing address.

Dated this 13th day of February 2023

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE