UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEREX BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-01326-MTS |
| | ) |
| ROBERT L. WILKIE, *United States Secretary of Veterans Affairs*, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Robert Wilkie's Partial Motion to Dismiss, Doc. [40], under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the reasons that follow, the Court grants the Motion.

Plaintiff Derex Brooks filed a *pro se* Fifth Amended Complaint ("Complaint") against Defendant Robert Wilkie ("Defendant"), the Secretary of the United States Veteran Affairs ("VA"), for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, ("Title VII"). Doc. [36]. Plaintiff makes several race-based discrimination claims such as harassment, retaliation, failure to accommodate, and termination. *Id.* at 4–6. Also, as part of the Complaint, Plaintiff appears to make a claim for defamation. *Id.* at 4. In the instant Motion, Defendant argues Plaintiff's defamation claim must be dismissed for lack of subject matter jurisdiction because there is no waiver of sovereign immunity over defamation claims against the federal government or its employees. The Court agrees.

### LEGAL STANDARD

When reviewing a *pro se* complaint, the Court must give it "liberal construction." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" entails that if the essence of an

1

allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). But affording a *pro se* complaint liberal construction does not mean procedural rules in ordinary civil litigation must be interpreted to excuse mistakes by those who proceed without counsel. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law.").

Federal Rule of Civil Procedure 12(b)(1) allows a district court to dismiss a complaint for lack of subject-matter jurisdiction. When a party challenges a court's subject matter jurisdiction, at issue is the court's "very power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990) (citation omitted). The plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019).

A federal court lacks subject matter jurisdiction where such claims are barred by the doctrine of sovereign immunity. Sovereign immunity extends to federal agencies and officials when sued in their official capacities. *See Hagemeier v. Block*, 806 F.2d 197, 202–03 (8th Cir. 1986). Thus, to bring suit against a federal agency or its officials, a plaintiff must show a "waiver" of sovereign immunity, which can be done only by Congress. *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011). Relevant here, the Federal Tort Claims Act ("FTCA") waives sovereign immunity against the United States for some tort actions committed by federal employees. 28 U.S.C. §§ 1346(b), 2671 *et seq.*; *see also White v. United States*, 959 F.3d 328, 332 (8th Cir. 2020) (explaining the "FTCA waives sovereign immunity and allows the government to be held liable for negligent or wrongful acts by federal employees committed while acting within the scope of their employment").

#### DISCUSSION

Plaintiff brings a tort claim for defamation against Defendant, the Secretary of the VA.[1] While not addressed by Plaintiff,[2] the Court recognizes that the FTCA is the "exclusive remedy for torts committed by Government employees in the scope of their employment." *United States v. Smith*, 499 U.S. 160, 164 (1991). However, federal agencies and their employees, like Defendant, cannot be sued under the FTCA. *See Duncan v. Dep't of Lab.*, 313 F.3d 445, 447 (8th Cir. 2002); *see also* 28 U.S.C. § 2679(a) (stating the FTCA does not "authorize suits against [a] federal agency"); *see also Doe v. United States*, 210 F. Supp. 3d 1169, 1174 (W.D. Mo. 2016) (dismissing tort claim because the FTCA does not waive sovereign immunity for claims against federal employees); *Cavan v. United States*, 20-cv-1072-KMM-LIB, 2022 WL 837685, at *4 (D. Minn. Jan. 31, 2022) (same); *Schrupp v. Brennan*, 3:18-cv-00095-SMR-HCA, 2019 WL 1198742, at *3 (S.D. Iowa Mar. 13, 2019) (same); *see also, e.g.*, *Polonczyk v. Astrue*, 6:12-cv-3472, 2013 WL 653924, at *2 (W.D. Mo. Feb. 20, 2013), *aff'd sub nom. Polonczyk v. Colvin*, 515 F. App'x 629 (8th Cir. 2013) (granting motion to dismiss because complaint named the Commissioner of Social Security and the Social Security Administration as defendants in the FTCA claim). Therefore, Plaintiff's claim for defamation against Defendant, a federal official, is dismissed.[3]

The Court notes Plaintiff's claim would fare no better even if he had properly brought his defamation claim against the United States itself, the proper defendant in FTCA actions. While the FTCA waives sovereign immunity in many respects, it does not waive immunity for "[a]ny claim arising out of . . . libel [or] slander." 28 U.S.C. § 2680(h). "The Eight[h] Circuit has

---

[1] *See Baker v. Chisom*, 501 F.3d 920, 923–25 (8th Cir. 2007) (if complaint is silent as to capacity, court interprets complaint as including only official capacity claims).

[2] Plaintiff does <u>not</u> assert a defamation claim under the FTCA. For purposes of this Motion, however, the Court construes the Complaint as asserting a defamation claim under the FTCA.

[3] The Court would reach the same conclusions had Plaintiff sued the VA itself.

recognized that the FTCA does not waive sovereign immunity as to defamation claims raised under Missouri law." *Little v. United States Dep't of Def.*, 4:21-cv-1309-JAR, 2022 WL 1302759, at *4 (E.D. Mo. May 2, 2022) (citing *McAdams v. Reno*, 64 F.3d 1137, 1145 (8th Cir. 1995) & *Johnson v. Babbitt*, 141 F.3d 1168 (8th Cir. 1998)).  Accordingly, the Court would lack jurisdiction over Plaintiff's defamation claim against the United States because it has not waived sovereign immunity with regard to such claims under the FTCA.[4]  *Little*, 2022 WL 1302759, at *4 (dismissing defamation claim because the FTCA does not waive sovereign immunity for such claims); *Fed. Trade Comm'n v. BF Labs Inc.*, 4:14-cv-00815-BCW, 2015 WL 12834056, at *2 (W.D. Mo. June 15, 2015) (same); *Kearns v. United States*, 319-cv-00042-JEG-HCA, 2020 WL 13552028, at *1 (S.D. Iowa June 17, 2020) (same).

## CONCLUSION

Plaintiff's defamation claim is barred by sovereign immunity and, as such, the Court lacks subject matter jurisdiction over Plaintiff's defamation claim.  Therefore, Plaintiff's claim for defamation is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Robert Wilkie's Partial Motion to Dismiss, Doc. [40], is **GRANTED**.

Dated this 12th day of April, 2023

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[4] Also, there is no indication Plaintiff complied with any of the necessary prerequisites for bringing a claim under the FTCA.  *See Mader v. United States*, 654 F.3d 794, 808 (8th Cir. 2011); *see also Askar v. Hennepin Cnty.*, 600 F. Supp. 3d 948, 955–56 (D. Minn. 2022); *Polonczyk v. Colvin*, 515 F. App'x 629 (8th Cir. 2013) (affirming district court's finding of lack of subject matter jurisdiction over plaintiff's FTCA claim because the plaintiff failed to present any evidence that he exhausted his administrative remedies).