UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEREX BROOKS, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | )   No. 4:21-cv-1326-MTS ) |
| ROBERT L. WILKIE, *United States Secretary of Veteran Affairs*, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

Before the Court is Defendant's Motion to Enforce Settlement with *pro se* Plaintiff. Doc. [68]. During mediation, the parties agreed to a settlement. Doc. [68-2]; Doc. [63]. The principal terms of settlement were memorialized in writing and signed by Plaintiff, counsel for Defendant, and the mediator. Doc. [68-2]. The next day, Plaintiff reported he changed his mind about settlement,[1] despite the signed settlement agreement. Doc. [68-3]; Doc. [65].

"The district court has inherent power to enforce a settlement agreement as a matter of law when the terms are unambiguous." *Harper Enterprises, Inc. v. Aprilia World Serv. USA, Inc.*, 270 F. App'x 458, 460 (8th Cir. 2008) (quoting *Barry v. Barry,* 172 F.3d 1011, 1013 (8th Cir. 1999)). A settlement agreement is a contract, and "[b]asic principles of contract formation govern the existence and enforcement of the alleged settlement." *Chaganti & Assocs., P.C. v. Nowotny*, 470

---

[1] Plaintiff returned to the mediator's office and explained he was "unsatisfied" with the settlement. Doc. [68-3]. Plaintiff then filed a Motion with the Court requesting to continue mediation, despite the signed settlement agreement, "due to a lack of interrogatories and explanation of facts." Doc. [65]. Plaintiff also indicated he was not in the "right state of mind due to mental stress" and thus, felt unprepared for mediation. *Id.* Plaintiff filed a second Motion stating, "the mediation didn't go well because of non-discussion of the matter that I presented to Mr. Hilderbaun [sic], never received his discovery pertaining to the interrogatories." Doc. [66]. Plaintiff never served Defendant with written discovery. Doc. [68] ¶ 8.

1

F.3d 1215, 1221 (8th Cir. 2006) (citing *In re Airline Ticket Comm'n Antitrust Litig.*, 268 F.3d 619, 623 (8th Cir. 2001) & *Sheng v. Starkey Labs.*, 53 F.3d 192, 194 (8th Cir. 1995)).

Here, Plaintiff agreed to the settlement during mediation and those terms were memorialized in a "Settlement Agreement" signed by Plaintiff, the mediator, and counsel for Defendant.  *See* Doc. [68-2].  The terms in the Settlement Agreement are unambiguous, and Plaintiff does not argue any of the essential elements to forming a contract are lacking.  Therefore, the Settlement Agreement is valid and enforceable.

Accordingly,

**IT IS HEREBY ORDERED** that is Defendant's Motion to Enforce Settlement, Doc. [68], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions, Docs. [65] & [66], are **DENIED**.

Dated this 11th day of September 2023

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE